## Holmquist's Estate

Before Lamorelle, P. J., and Gest, Henderson, Van Dusen, Stearne and Sinkler, JJ.

*C. Wilson Roberts*, for exceptant; *Thomas E. Comber, Jr.*, contra.

LAMORELLE, P. J., October 5, 1934.—The paper book submitted by the claimant states the questions involved as follows:

"1. Is Peter E. Holmquist, who died October 28, 1930, in Philadelphia, and who was born on February 10, 1851, in the Parish of Nora, Province of Orebro, Sweden, and who is also known as Pehr Eric Holmqvist (and who in 1870 gave his name, for a passport, as Pehr Eric Holmqvist) the same and identical person as Pehr Erik Holmquist, the illegitimate son of Britta Maja Andersdotter, born February 11, 1851, in the Parish of Nora, Province of Orebro, Sweden, and who as early as October 24, 1862, was recognized by the Swedish Government in its official records as Per Erik Holmqvist?

"2. Was Peter E. Holmquist the intestate who died October 28, 1930, in Philadelphia, survived by certain collateral heirs and next of kin as referred to and included in the answer to the petition for citation filed in this case?"

So far as relevant, the facts are simply these: In an adjudication by Judge Van Dusen, he awarded $5,000 and one half of the estate to the widow, and directed that the other half should be retained and an effort made to locate collateral heirs, if any. Later on a master was appointed, after an answer had been filed by certain persons claiming to be next of kin, and to this master was referred not only the question raised at the audit but also the question of title to certain real estate, unsold and therefore not brought into the account.

Considerable testimony, oral and documentary, was offered and the master, in a most exhaustive report and two supplemental reports, found as a matter of fact that the relationship of Augusta Andrea Johansson, née Anderson, to Peter Eric Holmquist had not been conclusively proved, nor had the relationship of any of the other parties (represented by the Swedish consul) to such decedent been proved, and concluded as a matter of law on the above findings of fact that, in the absence of adequate proof of collateral relationships, Hilda Holmquist, surviving widow of Peter Eric Holmquist, the decedent, was entitled under section 17 of the Intestate Act of June 7, 1917, P. L. 429, to the balance of the decendent's personal estate and to all decedent's real estate; and he further recommended that a decree be entered as requested in the petition of Hilda Holmquist, the widow, and to this supplemental report he annexed such decree.

With great care we have examined the entire record and all testimony presented and, while it is possible that the claimant is a party in interest, the matter of identity is not so clearly shown as to justify us in depriving the widow of her rights, which embrace the entire estate, as distinguished from one half thereof and the preference of $5,000.

Accordingly, we dismiss all exceptions, confirm the report and supplemental reports of the master, and this day enter the decree submitted by him awarding everything not already distributed to the widow; and direct payment thereof and proper conveyance and transfer, if necessary.